UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:20-cr-325-SEB-MJD-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| KERVIN JOHNSON | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED. In September 2021, Defendant was sentenced to 24 months in prison after he pled guilty to being a felon in possession of a firearm. Dkt. 45. The Bureau of Prisons ("BOP") lists his anticipated release date (with good-conduct time included) as August 27, 2022. *See* https://www.bop.gov/inmateloc/ (last visited Aug. 18, 2022). Defendant has now filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 59. He asks the Court to release him early because: (1) he has been unable to complete court-ordered visits with his children and other court-ordered requirements associated with a pending case, so he fears that he will lose his children; and (2) he should have been released on July 31, 2022, but he lost 27 days of good-conduct time after staff lied about him. *Id.* The Court concludes that it does not require a response from the United States to resolve the issues raised by Defendant's motion.

1

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

The Court declines to exercise its discretion to find that extraordinary and compelling reasons warrant release in this case. Although the Court sympathizes with the struggles that Defendant has faced in completing court-order requirements to keep his children, he is due to be released in less than two weeks, and he has not explained how delaying his release by such a short amount of time would materially increase his chances of losing his children. As for his complaint about his loss of good-conduct time, such complaints are not appropriate for resolution in a § 3582(c)(1)(A) motion. Allegedly improper disciplinary sanctions are common and not "extraordinary" within the meaning of § 3582(c)(1)(A). *Cf. United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) ("There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255."). If Defendant seeks to challenge the loss of good-

conduct time, he must file a petition under 28 U.S.C. § 2241 in his district of incarceration after exhausting administrative remedies.

Because Defendant has not shown extraordinary and compelling reasons warranting release, the Court need not consider whether the sentencing factors in § 3553(a) weigh in favor of a sentence reduction.

Accordingly, Defendant's motion for compassionate release, dkt. [59], is **denied**.

**IT IS SO ORDERED.**

Date:   8/19/2022

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kervin Johnson
Reg. No. 23281-509
USP McCreary
U.S. Penitentiary
P.O. Box 3000
Pine Knot, KY 42635

All Electronically Registered Counsel